

### NUMBER 13-20-00345-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**JAMES WILLIAMS,**                                                                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                                  **Appellee.**

---

### On appeal from the 178th District Court
### of Harris County, Texas.

---

# MEMORANDUM OPINION

**Before Justices Benavides, Longoria, and Tijerina**
**Memorandum Opinion by Justice Tijerina**

Appellant, James Williams, attempts to appeal his conviction for aggravated assault entered in the 178th District Court of Harris County[1]. On June 10, 2020, the trial court sentenced appellant. On July 16, 2020, appellant filed a notice of appeal. On August

---

[1] This case is before the Court on transfer from the Fourteenth Court of Appeals in Houston, pursuant to docket equalization order Misc. Docket No. 20-9090 issued by the Supreme Court of Texas.

20, 2020, the Clerk of this Court notified appellant that it appeared the appeal was not timely perfected. Appellant was further informed the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive.

Furthermore, on August 25, 2020, this Court notified appellant's counsel that the trial court's certification indicated the appellant waived his right to appeal and ordered counsel to: (1) review the record; (2) determine whether appellant has a right to appeal; and (3) forward to this Court, by letter, counsel's findings as to whether appellant has a right to appeal, or, alternatively, advise this Court as to the existence of any amended certification.

On September 25, 2020, counsel filed a brief with this Court. The brief does not establish: (1) that the certification currently on file with this Court is incorrect, or (2) that appellant otherwise has a right to appeal. The Texas Rules of Appellate Procedure provides that an appeal must be dismissed if the trial court's certification does not show that the defendant has the right of appeal. Tex. R. App. P. 25.2(d); *see* Tex. R. App. P. 37.1, 44.3, 44.4.

Furthermore, this Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Absent a timely filed notice of appeal, a court of appeals does not have jurisdiction to address the merits of the appeal and can take no action other than to dismiss the appeal for want of jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

Accordingly, this appeal is DISMISSED FOR LACK OF JURISDICTION and the motion to withdraw is DISMISSED as moot.

2

JAIME TIJERINA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
21st day of January, 2021.